**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-10-0000253**
**17-AUG-2011**
**11:19 AM**

NO. CAAP-10-0000253

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
EMILIO SORIA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-10-05767)

SUMMARY DISPOSITION ORDER
(By: Fujise and Reifurth, JJ., with
Foley, Presiding J., concurring separately)

Defendant-Appellant Emilio Soria ("Soria") appeals from the December 6, 2010 Notice of Entry of Judgment and/or Order and Plea/Judgment filed in the District Court of the First Circuit, Honolulu Division ("District Court").[1]  We affirm the District Court's judgment.[2]

On November 1, 2010, a Complaint was filed charging Soria as follows:

> On or about the 11th day of October, 2010, in the City and County of Honolulu, State of Hawaii, EMILIO SORIA did operate or assume actual physical control of a vehicle upon a public way, street, road, or highway while under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty, thereby committing the offense of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Section 291E-61(a)(1) of the Hawaii Revised Statutes. EMILIO SORIA is subject to sentencing as a first offender in accordance with Section 291E-61(b)(1) of the Hawaii Revised Statutes.

---

[1]     The Honorable William Cardwell presided.

[2]     In light of our disposition of this appeal, we need not address the State's claim that we should dismiss the appeal because Soria failed to comply with Hawai'i Rules of Appellate Procedure (HRAP).  We note that Soria failed to file a reply brief or notification that no reply brief would be filed, as required under HRAP Rule 28(d).  Soria's counsel is cautioned that future violations of the rules may result in sanctions.

On December 6, 2010, the date of trial, Soria filed a motion to dismiss, asserting, among other things, that the failure to allege state of mind (mens rea) deprived the District Court of jurisdiction. The District Court denied the motion. The trial resulted in Soria's conviction under Hawaii Revised Statutes § 291E-61(a)(1). This timely appeal followed.

On appeal, Soria contends that the District Court erred in denying his motion to dismiss the defective charge which omitted the requisite state of mind for the offense. Soria argues that the state of mind is an essential fact required under Rule 7(d) of the Hawaiʻi Rules of Penal Procedure, that the State's failure to allege that fact thereby deprived the District Court of jurisdiction, and that the District Court consequently erred in convicting him on the defective charge.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude that the Complaint was not required to allege a state of mind in order to be sufficient, and we reject Soria's challenge to the sufficiency of the Complaint. *State v. Nesmith*, _____ Hawaiʻi _____, _____ P.3d _____ (App. 2011); No. CAAP-10-0000072, 2011 WL 2685719 (Haw. Ct. App. Jun. 22, 2011). Consequently, the District Court did not err in denying the motion to dismiss and in convicting Soria.

Therefore,

IT IS HEREBY ORDERED that the District Court's December 6, 2010 Notice of Entry of Judgment and/or Order and Plea/Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, August 17, 2011.

On the briefs:

Timothy I. MacMaster
for Defendant-Appellant.

Delanie D. Prescott-Tate,
Deputy Prosecuting Attorney,
City & County of Honolulu
for Plaintiff-Appellee.

Associate Judge

Associate Judge

2

CONCURRING OPINION BY FOLEY, PRESIDING J.

I concur in the result. The charge was sufficient under *State v. Wheeler*, 121 Hawaiʻi 383, 219 P.3d 1170 (2009).

Presiding Judge